**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth Birt, | No. CV-25-01848-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Peoria, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Seth Birt's Motion for Temporary Court Injunction (Doc. 12). In the Motion, Plaintiff does not identify the legal basis for the Motion, but it appears that he attempts to bring a Motion for Temporary Restraining Order (TRO) under Federal Rule of Civil Procedure 65(b).

Assuming that is true, Plaintiff appears to seek a TRO without notice to Defendants based on the fact that he has not served Defendants with the Complaint or the present Motion, but Plaintiff does not make the required showing that he is entitled to a TRO without notice under Rule 65(b)(1). In the context of a TRO application, the United States Supreme Court has highlighted the importance of notice to the opposing party and the opportunity for that party to be heard. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

Even if Plaintiff provides notice to Defendants of his apparent TRO request, the TRO request will fail. Preliminary injunctive relief requires, among other elements, that Plaintiff

show that he is likely to succeed on the merits of his claim. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff seeks preliminary injunctive relief based on his claim that the City of Peoria and its officials have subjected to him to involuntary servitude in violation of the 13th Amendment to the United States Constitution because the City and its officials have taken action to enforce City ordinances requiring the maintenance of real property against him, including that the property be kept "free from overgrown vegetation, dead trees, brush and weeds"—a claim the Court assumes Plaintiff brings under 42 U.S.C. § 1983. (Docs. 1, 12.) But the government's requirements that citizens comply with laws and regulations considered to be civic duties—such as jury service, military service, or tax return preparation—do not constitute involuntary servitude. *United States v. Kozminski*, 487 U.S. 931, 943–44 (1988); *Bobilin v. Bd. of Educ., State of Hawaii*, 403 F. Supp. 1095, 1101–02 (D. Haw. 1975). The City's requirement that Plaintiff keep his property clean under its regulations is, at best, akin to these civic duties and does not constitute involuntary servitude under the 13th Amendment.[1] Accordingly, to the extent that Plaintiff is requesting a TRO and or Preliminary Injunction under Rule 65, the Court denies that request.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Temporary Court Injunction (Doc. 12).

Dated this 11th day of June, 2025.

_____
Honorable John J. Tuchi
United States District Judge

---

[1] Moreover, under the facts alleged, the City and its officials are not requiring that Plaintiff do the work himself, but rather that the property be clean, which Plaintiff can accomplish by hiring a professional among other methods of compliance.